IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


In re: National Staffing Services, LLC                    Case No. 3:06CV2675

                        Debtor,


RFCBC, Inc.                                               ORDER

                Appellant,

        v.

Patricia A. Kovacs,
        Trustee for National Staffing Services, LLC

                Appellee.


        This is a Chapter Seven bankruptcy case on appeal from the United States Bankruptcy Court

for the Northern District of Ohio, Western Division. RFCBC, Inc. appeals under 28 U.S.C. § 158(a)

from Bankruptcy Judge Richard L. Speer's October 10, 2006, order granting the motion of Trustee

Patricia A. Kovacs for leave to employ John M. Carey, Esq., as special counsel, albeit with a limited

charge, for the Trustee.

        For the reasons that follow, the appeal of Judge Speer's ruling shall be denied.

**Background**

Pursuant to 11 U.S.C. § 327(e) the Trustee desires to have Carey represent the Estate of the bankrupt, National Staffing Services, LLC [NSS], in a personal injury case. Carey is former counsel for NSS, and at present also represents the principals and former management of NSS.

Before Judge Speer RFCBC, a creditor of NSS, contended that the request to appoint Carey should be denied because he: 1) represents an interest adverse to the estate; and 2) may become a witness in the underlying lawsuit. Its appeal repeats the same arguments.

### Discussion

### I. Notice of Appeal to be Treated as Motion for Leave to Appeal

Litigants are generally not entitled to appellate review of court orders prior to a final judgment on the merits. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). A judgment is final when it "end[s] the litigation on the merits and leave[s] nothing more for the court to do but execute the judgment . . ." *Wicheff v. Baumgart (In re Wicheff)*, 215 B.R. 839, 843 (B.A.P. 6th Cir. 1998).

The Bankruptcy Court's order granting the motion to hire special counsel is not a judgment on the merits; therefore it is not a final appealable order. *Cottrell v. Schilling (In re Cottrell)*, 876 F.2d 540, 542 (6th Cir. 1989) ("Generally, a bankruptcy court's order approving or substituting counsel in a bankruptcy proceeding is not appealable."); *see also Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 369-70 (1981) (holding that an order disqualifying counsel in a civil case was not a final appealable order under 28 U.S.C. § 1291).

2

This does not end my inquiry: parties may, at least theoretically, file a motion for interlocutory appeal. *Wicheff*, *supra*, 215 B.R. at 845. I shall exercise my discretion to treat RFCBC's notice of appeal as a motion for leave for an interlocutory appeal.[1]

The Bankruptcy Rules do not establish a standard for determining when leave to appeal an interlocutory order should be granted. Most appellate courts reviewing Bankruptcy Court decisions have, however, applied the "standards found in 28 U.S.C. § 1292(b), which define the court of appeal's jurisdiction to review interlocutory orders." *Id.* at 844.

Section 1292(b) states that, to obtain an interlocutory appeal, the appellant must show:

(1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation. Review under § 1292(b) should be sparingly granted and then only in exceptional cases.

*Id.* (citing *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993)) (internal citations omitted).

There is no reason to allow an interlocutory appeal in this case. None of the requirements of § 1292(b) has been met.

The question of whether to permit appointment of Mr. Carey in the face of RFCBC's complaints about his suitability is one of fact, not law. *See In re West Pointe Properties, L.P.*, 249 B.R. 273 (Bankr. E.D. Tenn. 2000) (holding whether an attorney possesses an adverse interest is an issue of fact).

There is nothing "controlling" about the answer to this question.

---

[1]

RFCBC failed to seek leave to file an interlocutory appeal. Instead, it filed only a notice of appeal. Under Bankruptcy Rule 8003(c) I have discretion to treat a notice of appeal as a motion for leave to appeal. *See Wicheff*, *supra*, 215 B.R. at 843-44.

An immediate appeal of the propriety of Carey's appointment will not materially expedite the resolution of all matters relating to the Bankruptcy Estate [and thus hasten the "termination of this litigation"].

There are no substantial grounds for a difference of opinion as to the propriety of Carey's appointment.[2]

This is, after all, the issue about which the effort to secure interlocutory appeal revolves. I give, therefore, considerably more elaborate attention to explaining my view that there are no grounds for substantial disagreement as to the merit's of Judge Speer's decision to appoint Carey as special counsel with, in effect, limited letters plenipotentiary.

Judge Speer appointed Carey for a limited, and specified purpose under 11 U.S.C. § 327(e); that section is to be distinguished from § 327(a), which relates to appointment of an attorney without limitation – as, in effect, general counsel.

Under § 327(a), an attorney appointed without restriction as to term or purpose must be disinterested and not hold any interest adverse to those of the Bankruptcy Estate.

Section 327(e), under which Judge Speer appointed Carey, contains no similar limitation. That section only requires that appointed counsel not represent or hold any interest adverse to the debtor or estate. *See In re Statewide Pools, Inc.*, 79 B.R. 312, 314 (Bankr. S.D. Ohio 1987) (noting that § 327(e), in addition to eliminating the disinterestedness requirement for a professional who has formerly represented the debtor, also narrows the conflict of interest issue to one of factual

---

[2]

Furthermore, hearing an appeal on the appointment of special counsel will result in a waste of judicial resources. If, contrary to RFCBC's speculation, Carey is not called a as a witness in the personal injury action, having considered at this juncture whether doing so should preclude his appointment would not have been necessary.

4

evaluation of actual or potential conflicts only as related to the particular matters for which representation is sought).

Section 327(e) imposes three conditions on an attorney's employment:

1. The attorney is appointed for a specified special purpose;

2. The  appointment is in the best interest of the estate; and

3. The attorney not represent or hold any interest adverse to the debtor or estate with respect to the matter on which such an attorney is to be employed.

*West Pointe*, *supra,* 249 B.R. at 284.

Here, Carey was appointed for the specified purpose of prosecuting a personal injury claim, not as general counsel.

Second, "the employment must be in the best interests of the estate, meaning that pursuit of the claim is justified by its merit and value and that the proposed attorney has expertise and familiarity with the claim." *Id.* at 284. The Trustee sought to employ Carey because of his familiarity which stemmed from his former representation of NSS and its guarantors, with the underlying personal injury case. This is in the best interests of the Estate.

The third condition of § 327(e) is that the attorney "not represent or hold any interest adverse to the debtor or the estate with respect to the matter on which such an attorney is to be employed." 11 U.S.C. § 327(e).

The Bankruptcy Code fails to provide a definition of "interest adverse to the debtor or to the estate." *In re West Pointe*, *supra,* 249 B.R. at 285. However, in *In re Roberts*, 46 B.R. 815, 827 (Bankr. D. Utah 1985), *aff'd in relevant part and rev'd and remanded on other grounds*, 75 B.R. 402 (D.Utah1987), a Bankruptcy Court defined "interest adverse to the debtor or the estate" to mean:

5

for two or more entities (1) to possess or assert mutually exclusive claims to the same economic interest, thus either creating an actual or potential dispute between rival claimants . . . ; or (2) to possess a predisposition or interest under circumstances that render such a bias in favor of or against one of the entities.

Applying this standard, courts look to see if the attorney possesses an "economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant . . . or . . . a predisposition under circumstances that render such a bias against the estate." *Id*. at 822-23); s*ee also Roger J. Au & Son, Inc. v. Aetna Ins.,* 64 B.R. 600, 604 (N.D. Ohio 1986) (holding that an attorney who represents a debtor-in-possession, and also represents an individual who is a potential debtor of the debtor-in-possession represents an interest adverse to the estate).

District courts should "consider the interplay of the parties, pleadings and record set forth in the proceeding." *In re Midway Motor Sales, Inc.* 355 B.R. 26, 33 (Bankr. N.D. Ohio 2006).

District courts review bankruptcy courts' findings on issues of fact [such as whether an attorney possesses an adverse interest, *In re West Pointe, supra,* 249 B.R. at 285] on a clearly erroneous standard. *Miracle-Ear, Inc. v. M.D. Consultants, Inc.* 338 B.R. 15 (N.D. Ohio 2006).

There is nothing erroneous, much less clearly so, in Judge Speer's finding that Carey had no interest adverse to the Trustee, debtor, or Estate as relates to the limited purpose for which Carey was appointed. That being so, certainly there is no reason to allow an interlocutory appeal [even if RFCBC otherwise met the requirements for such appeal], because there is no ground, much less substantial ground for a difference of opinion as to the correctness of the Judge Speer's decision

## Conclusion

It is, therefore,

6

ORDERED THAT the appeal of RFCBC, being deemed a motion for interlocutory appeal, be, and the same hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge